IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

NATHAN BRENNAN, #57737-019					PETITIONER

VERSUS					CIVIL ACTION NO. 5:09-cv-162-DCB-MTP

DEPARTMENT OF JUSTICE					RESPONDENT

MEMORANDUM OPINION

This matter is before the Court, sua sponte, for consideration of dismissal. Petitioner Brennan, an inmate at the Federal Correctional Institute (FCI)-Yazoo City, Mississippi, originally filed this civil action in the United States District Court for the District of Columbia. On October 7, 2009, the instant civil action was transferred to this court from the United States District Court for the District of Columbia by order [5] filed September 15, 2009. The order [5] of September 15, 2009, entered by the District Court for the District of Columbia determined that the petitioner was filing a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. This Court entered an order [7] on October 15, 2009, directing the petitioner to pay the filing fee. On January 15, 2010, this court received the petitioner's payment of the filing fee. Having reviewed the petition [1], filed by the petitioner, the Court has made the following decision.

Background

According to his petition [1], petitioner pled guilty in the United States District Court of the Northern District of Georgia in March 2007. He was later sentenced in August 2007 to serve a prison term of 180 months followed by five years of supervised release. His conviction was affirmed by the United States Court of Appeals for the Eleventh Circuit in August 2008. See United States v. Brennan, 290 Fed. App'x 286, 2008 WL 38634486 (11th Cir. 2008).

In the instant petition [1], the petitioner is claiming that the respondent, an agency of the United States, is enforcing a judgment rendered by the District Court of Georgia even though that court failed to provide the petitioner his constitutional right of due process. The petitioner claims that this petition is "not about redefining or challenging the guilt or innocence in the previous action, [b]ut rather, the authority vested in the license of the Respondent and Petitioner under the Constitution." Pet. [1] p. 19. Further, the petitioner states that this "is about the appropriate or inappropriate application of the law in the action employed by the Respondent." Pet. [1] pp.19-20.

The petitioner specifically argues that his due process rights under the Fifth and Sixth Amendments of the Constitution were violated because (1) there was no finding by a jury that he "was on probation when he committed his offense;" (2) there was a question whether petitioner was knowingly and intelligently entering a guilty plea; (3) there was an assumption of a "likelihood of recidivism;" (4) there was "absent a determination by a Grand Jury and inclusion in the indictment;" and (5) there was "absent a determination of a Grand Jury, inclusion in the indictment, or proven beyond a reasonable doubt by a jury." Pet. [1] pp. 15-17.

## Analysis

A petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241. United States v. Cleto, 956 F.2d 83, 84 (5th Cir.1992). As the United States Court of Appeals for the Fifth Circuit has recognized, "[a] section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated." Pack v. Yusuff, 218 F.3d 448,

451 (5th Cir. 2000). On the other hand, "section 2255, not section 2241, is the proper means of attacking errors that occurred during or before sentencing." Ojo v. I.N.S.,106 F.3d 680, 683 (5th Cir.1997) (citing Cox v. Warden, Fed. Detention Ctr., 911 F.2d 1111, 1113 (5th Cir.1990).

In the instant case, notwithstanding the petitioner's argument that he is not challenging his guilt or innocence of his criminal conviction, this Court finds that the petitioner's allegations do in fact relate to the validity of his conviction and sentence. Clearly, these claims relate to alleged errors that occurred during or before sentencing and not to the manner in which his sentence is being executed. As such, this Court does not have jurisdiction to address the constitutional issues presented by the petitioner. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir.2000).

There is, however, a situation whereby "§ 2241 may be utilized by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of the § 2255 'savings clause.'" Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir.2001).[1] Case law has made it clear that "[t]he petitioner bears the burden of demonstrating that the section 2255 remedy is inadequate or ineffective." Pack, 218 F.3d at 452. The United States Court of Appeals for the Fifth Circuit has provided guidance as to the factors that must be satisfied for a petitioner to meet the stringent "inadequate or ineffective" requirement. See

---

[1] 28 U.S.C. § 2255 states as follows:

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is *inadequate or ineffective to test the legality of his detention*.

Reyes-Requena, 243 F.3d 893 (5th Cir.2001). The Fifth Court held the savings clause of § 2255 to apply to a claim:

> (1) when the claim is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (2) that claim was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Reyes-Requena, 243 F.3d at 904. The first prong of the test is, essentially, an "actual innocence" requirement, whose "core idea is that the petitioner may be have been imprisoned for conduct which was not prohibited by law." Id. at 903.

To meet the first prong of the Reyes-Requena test, the petitioner must be relying on a decision by the United States Supreme Court which was retroactively applied establishing that the petitioner was convicted of a nonexistent crime. Reyes-Requena, 243 F.3d at 904. The petitioner has failed to provide any support to satisfy this requirement. Thus, the petitioner has failed to meet the first prong of the requirements of Reyes-Requena. Because both prongs of the Reyes-Requena test must be met for a claim to benefit from the savings clause, this Court need not address the second prong of the test. Therefore, since the petitioner's claims do not meet the stringent requirements of the savings clause, he will not be allowed to proceed with this action pursuant to 28 U.S.C. § 2241.

## Warning of Abuse of the Writ

Finally, a review of the records of this Court reveals that the petitioner previously filed for habeas relief pursuant to 28 U.S.C. § 2241 challenging the constitutionality of his incarceration, specifically that he was convicted of crimes that were omitted in the indictment which caused his sentence to be invalid. Brennan v. Pearson, 5:08-cv-312-DCB-MTP (S.D.

Miss., Jan. 27, 2009). This Court dismissed petitioner's case for lack of jurisdiction[2] and the Fifth Circuit affirmed said decision in Brennan v. Pearson, No. 09-60185, 2009 WL 3199523 (5th Cir. 2009.).

Petitioner is advised that the instant request for habeas relief pursuant to 28 U.S.C. § 2241 borderlines on an abuse of the writ. See Davis v. Fetchel, 150 F.3d 486 (5th Cir. 1998)(court concluded that a third petition filed pursuant to section 2241 constituted an abuse of the writ). Petitioner is warned that any future attempts of a similar nature are likely to be found an abuse of the writ and lead to the imposition of sanctions, including but not limited to monetary fines or restrictions on petitioner's ability to file pro se actions in this Court.

## Conclusion

As stated above, § 2241 is not the proper forum to assert petitioner's claims. Therefore, this § 2241 petition will be dismissed without prejudice as frivolous and to the extent that the petition can be construed as a § 2255 motion it will be dismissed with prejudice for this Court's lack of jurisdiction. See Pack v. Yusuff, 218 F.3d 448, 454-55 (5th Cir.2000).

A final judgment in accordance with this memorandum opinion shall be issued.

SO ORDERED, this the  9th  day of February, 2010.

                    s/David Bramlette
                    UNITED STATES DISTRICT JUDGE

---

[2]The Court found petitioner's claims to be a challenge to the validity of his conviction, not the execution of his sentence and that petitioner had failed to establish the inadequacy or ineffectiveness of § 2255 as a remedy.